The Law Offices Of
Young Wooldridge, LLP
1800 30th Street, Fourth Floor
Bakersfield, CA 93301
Telephone: (661) 327-9661
E-mail: tbrill@youngwooldridge.com
THOMAS A BRILL, ESQ., SBN 125356
Attorneys for Plaintiff,

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEWELINA GONZALEZ, BY AND THROUGH HER MOTHER, JESSICA SOLIZ AS GUARDIAN AD LITEM, individually and as successor of interest to JASON GONZALEZ<br><br>Plaintiff,<br><br>vs.<br><br>KYLE NUNEZ, in his individual capacity; ANDREW MACK, in his individual capacity; JUAN VIDAL, in his individual capacity; CHRISTOPHER CEASER, in his individual capacity; SCOTT WHITTAKER, in his individual capacity; RYAN PATRIK, in his individual capacity,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>3. Substantive Due Process— (42 U.S.C. § 1983)<br>4. Battery (Wrongful Death and Survival Action)<br>5. Negligence (Wrongful Death and Survival Action)<br>6. Bane Act (Cal. Civil Code 52.1)<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiff JEWELINA GONZALEZ, BY AND THROUGH HER MOTHER, JESSICA SOLIZ, AS GUARDIAN AD LITEM individually and as successor in interest to JASON GONZALEZ, upon information and belief alleges the following:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages for the death of JASON GONZALEZ ("DECEDENT") at the hands of one or more California Highway Patrol officers, on August 30, 2019. Plaintiff JEWELINA GONZALEZ is a surviving daughter of DECEDENT.

2. Each Defendant proximately caused Plaintiff's and decedent's injuries and is liable directly, by integrally participating or failing to intervene in the actions or inactions that caused the death of DECEDENT, by engaging in other acts and/or omissions around the time of the death that resulted in the death of DECEDENT, or under principles of supervisory liability.

## JURISDICTION AND VENUE

3. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Kern, California.

**PARTIES**

5. At all relevant times, DECEDENT was an individual residing in the County of Kern, California. He died on September 4, 2019, after an apparent altercation with a number of California Highway Patrol officers; all of whom are named as Defendants herein. DECEDENT would have been the plaintiff in the survival causes of action alleged herein if he had lived.

6. Plaintiff JEWELINA GONZALEZ is a surviving child of DECEDENT and is a lawful heir of DECEDENT. JEWELINA GONZALEZ, BY AND THROUGH HER MOTHER, JESSICA SOLIZ AS GUARDIAN AD LITEM, sues in her individual capacity and also as a successor in interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60(a). JEWELINA GONZALEZ, BY AND THROUGH HER MOTHER, JESSICA SOLIZ AS GUARDIAN AD LITEM, seeks wrongful death and survival damages under federal law.

7. Upon information and belief, California Highway Patrol Officer Kyle Nunez, sued here in his individual capacity, is a resident of California and employed by California Highway Patrol ("CHP". Officer Kyle Nunez was involved in the stop of and altercation with Decedent Jason Gonzalez. All of the actions taken by

Officer Kyle Nunez while working as an officer of the CHP were taken under color of law and in the course and scope of his employment as a CHP Officer.

8. Upon information and belief, California Highway Patrol Officer Andrew Mack, sued here in his individual capacity, is a resident of California and employed by CHP. Officer Andrew Mack was involved in the stop of and altercation with Decedent Jason Gonzalez. All of the actions taken by Officer Andrew Mack while working as an officer of the CHP were taken under color of law and in the course and scope of his employment as a CHP Officer.

9. Upon information and belief, California Highway Patrol Officer Juan Vidal, sued here in his individual capacity, is a resident of California and employed by CHP. Officer Juan Vidal was involved in the stop of and altercation with Decedent Jason Gonzalez. All of the actions taken by Officer Juan Vidal while working as an officer of the CHP were taken under color of law and in the course and scope of his employment as a CHP Officer.

10. Upon information and belief, California Highway Patrol Officer Christopher Ceaser, sued here in his individual capacity, is a resident of California and employed by CHP. Officer Christopher Ceaser was involved in the stop of and altercation with Decedent Jason Gonzalez. All of the actions taken by Officer

4

Christopher Ceaser while working as an officer of the CHP were taken under color of law and in the course and scope of his employment as a CHP Officer.

11. Upon information and belief, California Highway Patrol Officer Scott Whittaker, sued here in his individual capacity, is a resident of California and employed by CHP. Officer Scott Whittaker was involved in the stop of and altercation with Decedent Jason Gonzalez. All of the actions taken by Officer Scott Whittaker while working as an officer of the CHP were taken under color of law and in the course and scope of his employment as a CHP Officer.

12. Upon information and belief, California Highway Patrol Officer Ryan Patrick, sued here in his individual capacity, is a resident of California and employed by CHP. Officer Ryan Patrick was involved in the stop of and altercation with Decedent Jason Gonzalez. All of the actions taken by Officer Ryan Patrick while working as an officer of the CHP were taken under color of law and in the course and scope of his employment as a CHP Officer.

13. Defendants are each responsible in some manner and to some extent liable for the injuries alleged herein.

14. Plaintiff is informed and believes and thereon alleges that each Defendant is, and at all relevant times was, the agent, employee, representative,

successor, and/or assignee of each other Defendant. Each Defendant, in doing the acts, or in omitting to act as alleged herein, was acting within the scope of his or her actual and apparent authority or the alleged acts and omissions of each Defendant as agent subsequently were ratified and adopted by each other Defendant as principal.

15. Defendants are directly liable for Plaintiff's and decedent's injuries under federal law and state law.

16. Plaintiff has complied with all applicable prerequisites to filing suit and timely filed a governmental tort claim under California Government Code §910. JEWELINA GONZALEZ, BY AND THROUGH HER MOTHER, JESSICA SOLIZ AS GUARDIAN AD LITEM, claim was filed with the State of California on or about February 4, 2020. Her claim was rejected on March 23, 2020. This action was timely filed pursuant to California Government Code § 945.6(a)(1).

**STATEMENT OF FACTS**

17. On information and belief, and according to medical reports, at some point on August 30, 2019, DECEDENT was detained by Defendants, and each of them, while he was on Highway 58 in the City of Bakersfield. A physical altercation occurred between DECEDENT and Defendants. During this altercation, Defendants beat, kicked and stomped on DECEDENT'S head and/or neck area,

placed him in a chokehold or otherwise placed compression against his neck, and tased him multiple times. DECEDENT thereupon collapsed and fell into a nonresponsive state. Defendants failed to do CPR or provide any medical assistance to DECEDENT when he went into the nonresponsive state.

18. DECEDENT was transported to Kern Medical Center, and shortly thereafter was declared deceased.

19. The coroner's findings indicated that DECEDENT died due to "complications from a physical altercation and neck compressions."

## FIRST CLAIM FOR RELIEF
## Unreasonable Search and Seizure—Excessive Force
## (42 U.S.C. § 1983)
## (Against all DOE Defendants)

20. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

21. Defendants unjustified actions resulting in DECENDENT'S death deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

22. The use of force as described herein was excessive and unreasonable, especially because DECEDENT posed no immediate threat of death or serious

bodily injury at the time of the incident. Plaintiff also contends that tasing DECEDENT multiple times was excessive.

23. As a result of the beating and tasing, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity.

24. Defendants' use of force violated their training.

25. As a result of their misconduct, Defendants are liable for DECEDENT's injuries.

26. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to all Defendants.

27. Plaintiff brings this claim in each case as a successor in interest to DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiff also seeks attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF
### Unreasonable Search and Seizure—Denial of Medical Care
### (42 U.S.C. § 1983)
### (Against all DOE DEFENDANTS)

28. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 27 of this Complaint with the same force and effect as if fully set forth

herein.

29. The denial of medical care by Defendants deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

30. As a result, DECEDENT suffered extreme pain and suffering and eventually lost his life and earning capacity.

31. Defendants knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

32. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

33. As a result of their misconduct, Defendants are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

34. Plaintiff brings this claim in each case as a successor in interest to DECEDENT, and seeks both

survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiff also seeks attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF
### Substantive Due Process (42 U.S.C. § 1983)
### (Against all DOE DEFENDANTS)

35. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36. Plaintiff JEWELINA GONZALEZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in her familial relationship with her father, DECEDENT.

37. DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

38. The aforementioned actions of Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT

and Plaintiff, and with the purpose to harm unrelated to any legitimate law enforcement objective.

39.  As a direct and proximate cause of the acts of Defendants, DECEDENT experienced severe pain and suffering and lost his life and earning capacity.

40.  Defendants thus violated the substantive due process rights of Plaintiff to be free from unwarranted interference with her familial relations.

41.  Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiff has also been deprived of the love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

42.  The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

43.  Plaintiff brings this claim in her individual capacity and as a successor in interest to DECEDENT and seeks wrongful death and survival damages. Plaintiff seeks attorney's fees under this claim.

### FOURTH CLAIM FOR RELIEF
### Battery (Cal. Govt. Code § 820 and
### California Common Law)
### (Wrongful Death and Survival Action)

11

(Against All Defendants)

44. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 43 of this Complaint with the same force and effect as if fully set forth herein.

45. Defendants, while working as traffic officers for the California Highway Patrol and acting within the course and scope of their duties, tased, beat, kicked, strangled and stomped on DECEDENT'S head and/or neck area. As a result of the actions of Defendants, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and also lost his earning capacity. Defendants had no legal justification for using force against DECEDENT, and Defendants' use of force while carrying out their duties as traffic officers was an excessive and unreasonable use of force, particularly because DECEDENT was unarmed and did not pose an immediate threat to the life of any individual, including any officer.

46. As a direct and proximate result of the conduct of Defendants as alleged above, DECEDENT suffered extreme and severe mental anguish and pain and have been injured in mind and body.

47. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiff to an award of exemplary and punitive damages as to Defendants.

Complaint for Damages; Demand for Jury Trial

48. As a direct and proximate result of the conduct of Defendants as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure 377.34.

49. Plaintiff brings this claim in each case as a successor in interest to DECEDENT, and in each case seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

## FIFTH CLAIM FOR RELIEF
### Negligence (Cal. Govt. Code § 820 and California Common Law)
### (Wrongful Death and Survival Action)
### (Against All Defendants)

50. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51. The actions and inactions of Defendants were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to and use force or deadly force against DECEDENT;

(b) the negligent tactics and handling of the situation with DECEDENT, including striking him in the head and using bodily force to compress his neck and throat; and

(c) the failure to provide prompt medical care to DECEDENT.

52. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost his earning capacity.

53. As a direct and proximate result of the conduct of Defendants as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure 377.34.

54. Plaintiff brings this claim in each case as a successor in interest to DECEDENT and seeks wrongful death and survival damages for the violation of DECEDENT's rights.

### SIXTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

### (Against All Defendants)

55. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts, or threatening to commit violent acts, in retaliation against another person for exercising that person's constitutional rights.

57. On information and belief, Defendants, acting within the course and scope of their duties, intentionally committed and attempted to commit acts of

violence against DECEDENT, including tasing, beating, kicking, stomping and compressing his head and neck without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.

58. Defendants interfered with DECEDENT'S civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property when they used such force and violence upon him to cause him to go into a non-responsive state, and then Defendants failed to provide him with immediate medical care.

59. On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

60. On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants were intended to discourage DECEDENT from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

61. Defendants successfully interfered with the above civil rights of DECEDENT.

62. The conduct of Defendants was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

63. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's rights, justifying an award of exemplary and punitive damages as to all Defendants.

64. Plaintiff brings this claim in each case as a successor in interest to DECEDENT and seeks wrongful death and survival damages for the violation of DECEDENT's rights. Plaintiff also seeks attorney's fees under this claim.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants, as follows:

A.   For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.   Loss of financial support;

C.   For punitive damages against the individual defendants in an amount to be proven at trial;

D.   For interest;

E.   For reasonable costs of this suit and attorneys' fees; and

F.  For such further other relief as the Court may deem just, proper, and appropriate.

DATED: September 8, 2020        LAW OFFICES OF YOUNG WOOLDRIDEG

By: /s/ Thomas A. Brill
    Thomas A. Brill
    Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

DATED: September 8, 2020        LAW OFFICES OF YOUNG WOOLDRIDGE

By: /s/ Thomas A. Brill
    Thomas A. Brill
    Attorneys for Plaintiff