# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEWELINA GONZALEZ, by and through her Mother, Jessica Soliz, as Guardian Ad Litem, individually and as successor of interest to Jason Gonzalez,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>KYLE NUNEZ, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:20-cv-01298-NONE-JLT<br><br>ORDER GRANTING PETITION TO APPOINT JESSICA SOLIZ AS GUARDIAN AD LITEM FOR THE MINOR PLAINTIFF<br><br>(Doc. 2) |

　　　　Jewelina Gonzalez initiated this action by filing a complaint on September 10, 2020 and petitioning the Court to appoint Jessica Soliz as her guardian ad litem in this action. (Docs. 1, 2.)

　　　　Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Here, Plaintiff resides in Bakersfield, California (Doc. 2 at 2), and the law of the state governs. Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. A guardian ad litem may be appointed to

represent the minor's interests. Cal. Code Civ. P. § 372(a).

In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the prospective guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal.App.4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). The decision to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986).

Jessica Soliz is the mother of Jewelina Gonzalez, who is currently 16 years old. (Doc. 2 at 2.) Because Plaintiff is under the age of eighteen, she is a minor under California law. *See* Cal. Fam. Code § 6502. Consequently, her ability to bring suit is contingent upon the Court's appointment of a guardian ad litem. Upon review of the complaint, it does not appear Ms. Soliz has any interests that are adverse to the child's. Accordingly, Ms. Soliz's appointment as guardian ad litem for her daughter is appropriate. Based upon the foregoing, the Court **ORDERS**:

1. The petition for appointment of Jessica Soliz as guardian ad litem for Plaintiff Jewelina Gonzalez (Doc. 2) is **GRANTED**; and
2. Jessica Soliz is appointed to act as guardian ad litem for Jewelina Gonzalez in this action and is authorized to prosecute it on her behalf.

IT IS SO ORDERED.

Dated:   **September 23, 2020**          **/s/ Jennifer L. Thurston**
                                                                                        UNITED STATES MAGISTRATE JUDGE